**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**CHRISTOPHER WELCH**                                                              **PLAINTIFF**

**V.**                                                              **NO. 3:09-cv-00782-CWR-FKB**

**PETER C. LOFTUS,
CONTRACTORS CARTAGE, INC.,
A MISSOURI CORPORATION,**                                          **DEFENDANTS**
**AND TRUCK TRANSPORT, INC.,
A MISSOURI CORPORATION**

<u>**ORDER GRANTING PARTIAL SUMMARY JUDGMENT**</u>

The above-styled cause is before the Court on the Defendants' Motion for Partial

Summary Judgment [Docket No. 75], which the three defendants filed together on January 3,

2011. After reviewing the parties' memoranda and their accompanying exhibits, the Court finds

that the defendants' motion should be and hereby is granted in part and denied in part.

**FACTS**

On October 25, 2009, Peter C. Loftus attempted to cross Mississippi Highway 27 in

Copiah County with a tractor trailer when his vehicle was struck by a motorcycle driven by

Christopher Welch. Loftus emerged from the truck and told an eyewitness, "I lost my job."

Plaintiff's Memorandum in Opposition [Docket No. 94] at 7; *id.* at 9. Another eyewitness

recounted that Loftus immediately admitted fault. *Id.* For his part, Welch has no recollection of

the collision. Defendants' Memorandum in Support of Partial Summary Judgment [Docket No.

76] at 3.

Following the crash, a Crystal Springs Police Department officer issued a citation but

later withdrew it upon discovery that the episode actually occurred beyond the Crystal Springs

1

city limits. Pl. Memo at 9. Officer Anthony Parker of the CSPD completed a State of Mississippi Uniform Crash Report regarding the incident and recorded therein his conclusion that Loftus had "failed to yield the right of way, made an improper turn and visibility was obstructed by the angle of [Loftus' vehicle] during the turn." Exhibit E to Plaintiff's Response [93-5] at 2.

In time, Welch filed suit against Loftus, raising claims of negligence, negligent entrustment, and negligence *per se*, and seeking economic compensatory damages, non-economic compensatory damages, and punitive damages. Welch also named Contractors Cartage, Inc. (alleged to be Loftus' employer), and Truck Transport, Inc. (the truck's lessor), as defendants, under theories of vicarious liability.

On January 3, 2011, the three defendants moved the Court for summary judgment on the claims for negligence *per se* and negligent entrustment. The defendants also sought summary judgment on the issue of punitive damages.

## STANDARD OF REVIEW

Though motions for summary judgment are filed frequently, not every case is suitable for such disposition. Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When confronted with these motions, this Court focuses on "genuine" issues of "material" facts. An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgement, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party." *Zisman v. Mason*, 2008 WL 879726, *3 (S.D. Miss. 2008) (citing *Amant v. Benoit*, 806

F.2d 1294, 1297 (5th Cir. 1987). A fact is material if it is one which might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant or unnecessary will not be considered. *Id*. Likewise, unsubstantiated assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

The jury has the responsibility to assess the probative value of the evidence. As a consequence, a court must step back and refrain from making credibility determinations, and it must not weigh evidence or draw from the facts legitimate inferences for the movant. *Strong v. Dept. of Army*, 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005). This Court is ever mindful that although a useful device, summary judgement "must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 865 F.2d 1235, 1241 (5th Cir. 1989); *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991).

## NEGLIGENT ENTRUSTMENT

In the case at bar, the question of whether the defendants are entitled to summary judgment on Welch's claim for negligent entrustment is easily addressed. TTI "has already admitted[ ] and stipulate[d] . . . that at the time of the collision, Peter Loftus was acting in the course and scope of his employment with TTI." Def. Memo at 13. In the defendants' view, an employer's admission of vicarious liability renders moot any claims for negligent hiring, training, or retention. *See Walker v. Smitty's Supply, Inc.*, 2008 WL 2487793, *5 (S.D. Miss 2008) (Bramlette, J.) (making an *Erie* guess that the Mississippi Supreme Court "would approve the dismissal of a claim for negligent entrustment against an employer who has already confessed liability for its employee's conduct under the theory of *respondeat superior*"). *See*

3

*also Curd v. Western Express, Inc.*, 2010 WL 4537936, *2 (S.D. Miss. 2010) (Guirola, J.); *Cole v. Alton*, 567 F. Supp. 1084, 1087 (N.D. Miss. 1983) (same *Erie* guess in the Northern District of Mississippi). This position, as even a court in disagreement concedes, "is the majority rule." *Marquis v. State Farm Fire & Cas. Co.*, 265 Kan. 317, 334, 961 P.2d 1213 (1998).

Welch argues that the defendants misunderstand his claim. Welch contends that he "did not plead negligent entrustment in his Complaint but pled a failure to properly train, supervise and educate the defendant driver." Pl. Memo at 14.

To whatever extent this argument represents a true distinction, it is one without a meaningful difference in the present context. Although the Mississippi Supreme Court has not answered the legal question at hand, this Court is satisfied that where a defendant declines to protect himself against a claim of vicarious liability, he voluntarily enters the arena to entertain a claim of negligence. Proof of negligent entrustment or the like, then, is unnecessary and duplicitous at best, and at worst could provide unduly prejudicial evidence that is ultimately irrelevant. Therefore, because TTI has chosen not to contest the claim of vicarious liability, the defendants' request for summary judgment on the claim of negligent entrustment against TTI is granted.

## NEGLIGENCE PER SE

However, the defendants' arguments with regard to the negligence *per se* claim are not persuasive.

The defendants are correct in their assertion that Welch's Complaint includes no citation to a specific statute or regulation that stands violated by any defendant, and many federal courts have held that a plaintiff fails to satisfy the requirements of notice pleading for a claim of

negligence *per se* when he "do[es] not identify which statutes the individual [d]efendants allegedly breached." *Megino v. Linear Financial*, 2011 WL 53086, *8 (D. Nev. Jan. 6, 2011). *See also Estate of Contreras v. County of Glenn*, 2010 WL 4983419, *7 (E.D. Cal. 2010); *Anchundia v. Northeast Util. Serv. Co.*, 2010 WL 2400154, *5 (E.D.N.Y. 2010)*; Chappey v. Ineos USA LLC*, 2009 WL 790194, *3 (N.D. Ind. 2009); *In re September 11 Prop. Damage & Bus. Loss Litig.*, 468 F. Supp. 2d 508, 522-23 (S.D.N.Y. 2006); *Holler v. Cinemark USA, Inc.*, 185 F. Supp. 2d 1242, 1244 (D. Kan. 2002).

However, to satisfy notice pleading requirements, Rule 8(a)(2) of the Federal Rules of Civil Procedure commands only that a Complaint record "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Just as one seeking relief for any other cause of action needs not refer to the case establishing the particular tort at the center of his case, Rule 8 does not demand that a plaintiff claiming negligence *per se* include within his Complaint an explicit citation to authority simply for the sake of doing so. So long as the Complaint alleges particular conduct that clearly violates a statute or regulation, it pleads negligence *per se* with sufficient particularity.

In the case at bar, the Complaint specifically alleges that Loftus "fail[ed] to exercise the duties imposed upon him of due care . . . by failing to yield the right of way[.]" Complaint [Docket No. 1] at 2. Although this allegation is unaccompanied by the Mississippi statute that assigns illegality to such action, Welch correctly avers that Section 63-3-1003 of the Mississippi Code demands adherence to a standard of care that is violated by the conduct of which Welch complains. Pl. Memo at 12. Moreover, Welch's Complaint specifically alleges that Loftus acted negligently "by violating and failing to follow the *traffic* laws of the State of Mississippi."

Complaint at 3 (emphasis added).

The question, then, is whether the defendants are entitled to judgment as a matter of law on the negligence *per se* claim simply because Welch's Complaint omitted a citation to this statute. Given Rule 8's forgiving standard, that question can be answered only in the negative.

The cases cited *supra* in support of the defendants' position illustrate a critical distinction between the allegations confronting those judges and the averment facing this Court. In *Contreras*, the Eastern District of California dismissed a negligence *per se* claim because the plaintiffs "ha[d] not stated which statute or regulation was allegedly violated . . . ." *Contreras*, 2010 WL 4983419 at *7. Likewise, in the *September 11 Property Damage* case, the Southern District of New York held that plaintiffs had not pled a negligence *per se* claim because they "ha[d] not alleged any violation of a state statute." *In re September 11 Prop. Damage*, 468 F. Supp. 2d at 522. And in *Holler*, the District of Kansas reached the same result after observing that the plaintiff had alleged only the violations of "local, state, and federal statutes, guidelines, and regulations." *Holler*, 185 F. Supp. 2d at 1243-44.

But in the case at bar, notwithstanding the absence of an explicit citation to authority, the shortcoming that required the aforementioned dismissals does not afflict Welch's Complaint because he has stated a viable cause of action for a negligence *per se* claim in Mississippi: specifically, Loftus' "fail[ure] to yield the right of way[.]" Complaint at 2. Welch's contention that Loftus acted negligently "by violating and failing to follow the traffic laws of the State of Mississippi," Complaint at 3, likewise demonstrates a specificity rising beyond that addressed by the *Holler* court. *See Holler*, 185 F. Supp. 2d at 1243-44.

These allegations could leave no reasonable reader at a loss to predict how Welch would

6

proceed with his case, and ultimately, that is the primary purpose of notice pleading. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). Given that Welch has submitted evidence that, when viewed in the light most favorable to his argument, creates a genuine issue of material fact on the claim, *see* Pl. Memo at 8, 9, summary judgment is inappropriate. Therefore, on these grounds, the defendants' motion for the same must be denied.

**PUNITIVE DAMAGES**

Likewise, with regard to the defendants' prayer for summary judgment on Welch's claim for punitive damages, the instant motion must be denied.

The Court appreciates the high threshold to be met before Welch ultimately demonstrates that he is entitled to a jury instruction on punitive damages. *See Gordon v. Nat'l States Ins. Co.*, 851 So. 2d 363, 366 (Miss. 2003). But at this point in the proceedings, viewing the evidence in the light most favorable to Welch's case, the Court is satisfied that a genuine issue of material fact exists on the question. In particular, the evidence surrounding Loftus' view of traffic westbound on Highway 27 leaves open to reasonable disagreement the question of whether Loftus' decision to proceed toward the on-ramp, in a manner which a jury clearly could find violates the law, "discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *Dame v. Estes*, 233 Miss. 315, 318, 101 So. 2d 644 (1958).

Of course, the denial of summary judgment on the issue of punitive damages does not foreclose the possibility that the Court might ultimately refuse to submit the question to a jury. *See Evans v. Hayes*, 2006 WL 2975473, *4 (S.D. Miss. 2006) (Starrett, J.). However, at this point in the proceedings, Welch has submitted enough evidence to sustain the claim, and therefore, summary judgment on this issue is denied.

**CONCLUSION**

The Motion for Partial Summary Judgment is granted in part and denied in part.  On Welch's claim for negligent entrustment, summary judgment is granted in favor of the three defendants. However, the Court denies summary judgment on the issues of negligence *per se* and punitive damages.

SO ORDERED this twenty-third day of February 2011,

_/s/ Carlton W. Reeves_

Hon. Carlton W. Reeves
United States District Court Judge