IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHRISTOPHER WELCH**                                                                 **PLAINTIFF**

**V.**                                                           **NO. 3:09-cv-00782-CWR-FKB**

**PETER C. LOFTUS,**
**CONTRACTORS CARTAGE, INC.,**
**A MISSOURI CORPORATION,**                                     **DEFENDANTS**
**AND TRUCK TRANSPORT, INC.,**
**A MISSOURI CORPORATION**

## ORDER DENYING SUMMARY JUDGMENT

The above-styled cause is before the Court on Contractors Cartage Inc.'s Motion for Summary Judgment [Docket No. 73], which this defendant filed on January 3, 2011. The Court has reviewed the parties' memoranda and supporting exhibits and, after due consideration, concludes that the motion should be and hereby is denied.

The only facts pertinent to this motion are as follows: on October 25, 2009, Christopher Welch drove a motorcycle into a tractor trailer in Copiah County while the truck attempted to cross Highway 27, and in time, Welch filed suit against the truck driver, Peter Loftus, for negligence and related claims.[1] Welch also named Contractors Cartage, Inc., and Truck Transport, Inc., as defendants under theories of vicarious liability.

Contractors Cartage, Inc. (hereinafter "CCI"), contends that it is entitled to judgment as a matter of law under Rule 56 of the Federal Rules of Civil Procedure. CCI argues that it neither employed Welch at the time of the wreck nor did it own any interest in the truck driven by

---

[1] For a lengthier discussion of this case's facts, *see* Order Granting Partial Summary Judgment [Docket No. 138].

1

Loftus. According to CCI, the only relationship that it shares with Truck Transport, Inc. (hereinafter "TTI"), is that the two are owned by the same parent company. Def. Motion at 1-3 [Docket No. 73]. *See also* Def. Memo [Docket No. 74].

However, evidence in the record suggests a more direct relationship. Two insurance policies produced during discovery identify CCI as the named insured and TTI as an additional insured. *See* Exhibit A to Defendant's Reply [Docket No. 120-1]; Exhibit B [Docket No. 120-2]. Moreover, a provision within one of those policies appears to limit the policy's named insureds, including TTI, to entities in which CCI holds a controlling interest. *See* Exhibits A and B to Plaintiff's Response to Defendant Contractors Cartage Inc.'s Motion for Summary Judgment [Docket No. 142-1 and No. 142-2].[2] This evidence entitles Welch to proceed with his claims against CCI.

Motions for summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party." *Zisman v. Mason*, 2008 WL 879726, *3 (S.D. Miss. 2008) (citing *Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987)). The ultimate responsibility to assess the probative

---

[2] Welch refers to these exhibits in his response to CCI's motion for summary judgment and in his supporting memorandum, but his attorneys did not submit the exhibits via the ECF system. This Court received the exhibits via electronic mail on February 1, 2011, and has on this date entered an Order receiving them into the record. *See* Order [Docket No. 142].

value of the evidence lies with a jury, and therefore, a court must not weigh evidence. *Strong v. Dept. of Army*, 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005). In order to avoid such a determination, a court views submitted evidence in the light most favorable to the party opposing summary judgment. *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

Under such a view, the portions of CCI's insurance policies memorialized as Exhibits A and B to CCI's Reply could lead a reasonable jury to find that CCI enjoys an ownership interest in TTI. Reasonable factfinders could infer that CCI would not have extended its insurance coverage to TTI unless the former enjoyed in the latter a financial stake sufficient to trigger vicarious liability. Moreover, the policy provision concerning majority interests of named insureds could lead a reasonable jury to the same conclusion.

Whether that evidence ultimately would persuade a jury to side with Welch on this issue is, of course, another question altogether. Undoubtedly, though, it is sufficient to create a jury question on the issue, and when reviewing a motion for summary judgment, that inquiry is this Court's only concern.

Therefore, CCI's Motion for Summary Judgment is denied.

SO ORDERED this twenty-fifth day of February 2011,

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge